IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Melinda Richmond, | ) | Civil Action No. 0:19-2689-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Patricia Yeldell, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Melinda Richmond ("Petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett, for pre-trial proceedings and a Report and Recommendation ("Report").

On December 23, 2019, Respondent Patricia Yeldell ("Respondent"), filed a motion for summary judgment as well as a return and memorandum. (ECF Nos. 15 & 16.) Because Petitioner is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on December 26, 2019, advising Petitioner of the importance of a dispositive motion and of the need for her to file an adequate response to Respondent's motion. (ECF No. 17.) In that order, Petitioner was advised of the possible consequence of dismissal if she failed to respond adequately; however, Petitioner failed to file a response. Thus, Magistrate Judge Gossett recommends that this action be dismissed with prejudice for lack of prosecution. (ECF No. 23.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted). The Magistrate Judge advised Petitioner of her right to file specific objections to the Report. (ECF No. 23 at 3.) Petitioner has filed no objections and the time for doing so expired on May 4, 2020.[1]

After a thorough review of the record of this matter, the applicable law, and the Report, the Court finds no error. Accordingly, the Court adopts and incorporates the Report (ECF No. 23) by reference herein. It is therefore ORDERED that this action be dismissed *with prejudice* for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[1] Petitioner's initial response deadline was March 16, 2020, but her response deadline was automatically extended pursuant to the U.S. District Court for the District of South Carolina's Standing Order 3:20-mc-105, which addresses the modification of various case deadlines due to the COVID-19 pandemic.

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

     IT IS SO ORDERED.


          /s/ Bruce Howe Hendricks
          United States District Judge

May 14, 2020
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

     The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.